**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ignacio NAVARRO, aka Federico Mendez, Defendant—Appellant.**

**No. 06–10603.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 21, 2008.

Daniel R. Drake, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gail Gianasi Natale, Law Office of Gail Gianasi Natale, Phoenix, AZ, for Defendant–Appellant.

Before: SILER,** McKEOWN, and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

## MEMORANDUM ***

Ignacio Navarro appeals from the district court's denial of his motion to dismiss an indictment for illegal reentry after deportation. Navarro's motion was based on a collateral challenge to his initial deportation for conviction of an aggravated felony. In 1998, Navarro was convicted of burglary in the first degree in violation of California Penal Code § 459. Navarro claims that due process allows him to challenge his original deportation order, and that because California's definition of burglary in § 459 is over broad, his prior conviction was not an aggravated felony.

Navarro cannot collaterally attack his deportation order because he waived his right to appeal. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000). His deportation hearing was appropriately administered, and he was properly informed of his right to appeal and the consequences of not appealing the deportation order. During Navarro's hearing, the Immigration Judge questioned him step by step to ensure that he understood his right to an attorney, to cross-examine witnesses and examine and object to the government's evidence, to present his own evidence and call witnesses, and the right to appeal. The IJ also asked Navarro repeatedly if he wanted to appeal, and explained the consequences of not appealing the decision. Navarro answered each time that he did not want to appeal and that he was sure of his decision. The appeal waiver is valid and there is no due process violation. As a consequence of this disposition, we do not need to address Navarro's substantive challenges to his deportation order.

AFFIRMED.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

